**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTAHJ S. JENKINS,**

**Plaintiff,**

**v.** **CASE NO. 16-3186-SAC-DJW**

**SEWARD COUNTY DETENTION CENTER,**
**GARY WARD, BILL McBRYDE,**

**Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

Plaintiff Antahj Jenkins is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Seward County Detention Center in Liberal, Kansas ("SCDC"). Plaintiff names as defendants the SCDC, Sheriff Bill McBryde, and Undersheriff Gene Ward. Plaintiff's Complaint (Doc. 3), alleges that jail procedures are out-dated, and inmates are being denied medical treatment and contact with their families. As Count I Plaintiff claims the withholding of medical treatment constitutes cruel and unusual punishment. Plaintiff alleges that an inmate passed away in E-Pod around July 11, 2016, due to a heart attack. As Count II, Plaintiff claims that he is being harassed by staff because of his prior grievances. Plaintiff alleges he was moved to A-pod after filing grievances about the phone system and mail handling procedures at SCDC. As Count III, Plaintiff claims he is being denied access to outdoor exercise and the phone systems are outdated. Plaintiff's request for relief seeks injunctive relief for all inmates, in the

form of upgrades to SCDC's medical procedures and phone systems "so [inmates] can email [their] family or get video visits from those who stay out of state." Doc. 3 at 5.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### *1. Improper Defendants*

#### a. SCDC

Plaintiff names SCDC as a Defendant in the caption of his Complaint. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). The detention facility is not a "person" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Accordingly, this action is subject to dismissal as against Defendant SCDC.

#### b. Defendants McBryde and Ward

Plaintiff has failed to allege how Defendants McBryde and Ward personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead

that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights. There are no allegations that could plausibly give rise to a finding that Defendants McBryde and Ward personally participated in Plaintiff's alleged constitutional violations. As stated above, the Court will not supply additional factual allegations to round out Plaintiff's Complaint or construct a legal theory on his behalf.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

***2. Retaliation***

Plaintiff makes a bald, conclusory statement that he was moved to A-Pod in retaliation for filing grievances. "[I]t is well established that an act in retaliation for the exercise of a

constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted). The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

Plaintiff's claims of retaliation are subject to dismissal for failure to allege adequate facts in support of this claim. Plaintiff fails to allege which defendants retaliated against him and his allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive. Plaintiff alleges no facts to establish that his placement in A-Pod would not have occurred "but for" a retaliatory motive on the part of the person responsible for his placement.

***3. Eighth Amendment - Denial of Medical Care***

To the extent Plaintiff is claiming that he was denied medical care, that claim is subject to dismissal. He alleges no facts suggesting he was personally denied medical treatment, nor does he name a defendant whom he claims is responsible for the denial of medical care. The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

Plaintiff fails to allege his own personal serious medical need or "serious illness or injury" and only alleges that another inmate died from a heart attack. Plaintiff fails to name a defendant responsible for the denial of medical care. Such allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment.

***4. Outdoor Exercise and Phone Systems***

Plaintiff claims the phone systems are outdated. The Tenth Circuit has acknowledged that "'a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Burnett v. Jones*, 437 F. App'x 736, 745 (10th Cir. 2011) (unpublished) (citations omitted). Plaintiff does not allege that he was denied telephone access, but rather alleges that the phone systems are outdated. Plaintiff does not allege that the telephone policy at SCDC is not rationally related to a legitimate penological interest or provide facts suggesting that the policy is invalid. Furthermore,

> an inmate "has no right to unlimited telephone use." *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) . . . Instead, a prisoner's right to telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution." *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986). "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Fillmore v. Ordonez*, 829 F. Supp. 1544, 1563 – 64 (D. Kan. 1993), *aff'd*, 17 F.3d 1436 (10th Cir. 1994).

*Robinson v. Gunja*, 92 F. App'x 624, 627–28 (10th Cir. 2004) (unpublished) (citing *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994)). Plaintiff's claim regarding the outdated phone systems is subject to dismissal for failure to state a claim.

Plaintiff's claims that he is being denied access to outdoor exercise is likewise subject to dismissal. The Tenth Circuit has recognized:

> that some form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates, and some courts have held a denial of fresh air and exercise to be cruel and unusual punishment under certain circumstances.

*Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006) (quotation omitted).  While prisoners are generally entitled to outdoor exercise, a denial of outdoor exercise is not an Eighth Amendment violation per se.  *See Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987).  Courts look to the totality of the circumstances, including penological considerations, in determining what constitutes adequate exercise. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 810 n.8 (10th Cir. 1999) (citations omitted); *see also Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994) ("what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates"), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *Bailey*, 828 F.2d at 653 (while restrictive, limiting inmate, who was assigned to high-security segregation unit, to one hour per week in outdoor exercise facility, without more, did not rise to level of an Eighth Amendment violation).  Plaintiff has failed to allege any factual detail regarding his alleged denial of outdoor exercise.  Plaintiff has failed to allege sufficient facts to state a claim of the denial of humane conditions of confinement, or of deliberate indifference to a substantial risk of harm.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (explaining objective and subjective standards of Eighth Amendment test).

Plaintiff has not alleged the type of "atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *see also Brewer v. Gilroy*, 625 F. App'x 827, 836 (10th Cir. 2015) (finding that without factual detail regarding the claim it is impossible to tell whether the alleged restrictions on yard time and showers implicate the Due Process Clause); *Marshall v. Morton*, 421 F. App'x 832, 838 (10th

Cir. 2011) (holding that "restrictions on an inmate's telephone use, property possession, visitation and recreation privileges are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests under the Due Process Clause").

**IV. Response Required**

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint (Doc. 3) should not be dismissed for the reasons stated herein. The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 13, 2017**, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Doc. 3) should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 14th day of December, 2016.**

**s/ David J. Waxse**
**David J. Waxse**
**U. S. Magistrate Judge**